IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 11 ) |
| P-D VALMIERA GLASS USA CORP, | ) CASE NO. 19-59440-pwb ) |
| Debtor. | ) ) ) |

**MOTION SEEKING ENTRY OF AN ORDER AUTHORIZING**
**USE OF FUNDS FOR ORDERLY PLANT CLOSURE**

COMES NOW P-D Valmiera Glass USA Corp., debtor and debtor-in-possession (the "**Debtor**") in the above-styled Chapter 11 case (the "**Case**"), and hereby files this motion (the "**Motion**"), pursuant to Section 363(b)(1) of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. as amended (the "**Bankruptcy Code**"), seeking entry of an order authorizing the use of funds of the Debtor's estate to implement orderly plant closure procedures. In support thereof, the Debtor respectfully represents as follows:

**Relief Requested**

1.

By this Motion, the Debtors request entry of an order approving the Debtor's expenditure of estate funds to shut down the furnace used in its Phase II operations in an orderly fashion so as to preserve the integrity and value of the furnace (and related assets) and to ensure the safety of the Debtor's employees who will be implementing the shutdown.

**Jurisdiction and Venue**

2.

This Court has jurisdiction of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). Venue of the Debtors' Chapter 11 case and

this Motion in this District are proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is Section 363(b)(1) of the Bankruptcy Code.

## **Background**

3.

On June 17, 2019 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtor is authorized to operate its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. As of the date of this filing, no official committee of unsecured creditors has been appointed, and no request for the appointment of a trustee or examiner has been made.

4.

The Debtor is a Georgia corporation and the only United States entity which is a member of Valmiera Glass Group. Valmiera Glass Group is comprised of Valmieras Stikla Šķiedra, AS ("**VSS**")[1], the Debtor's Latvian parent company (located in Latvia), Valmiera Glass UK Ltd., a sister company to the Debtor (located in the United Kingdom), and P-D Valmiera Glass USA Corp. (located in Georgia). Together with its parent and sister companies, the Debtor is a vertically integrated supplier of various composite materials to the aviation industry, architecture and other industries. The Debtor's operations focus on the production and distribution of glass fibre and glass fibre products from its manufacturing facility in Dublin, Georgia. The Debtor's business has been organized by two units. "Phase I" became operational in 2015 and is engaged in the production of needle mats which provide insulation for industrial uses. In 2017, the Debtor launched "Phase II" of its operations and built a fiberglass furnace for the production of glass fibre. Phase II has proven to be unprofitable and a cash drain on the remaining portion of the Debtor's

---

[1] VSS is a publicly traded Latvian company which holds a 52% interest in the Debtor. On June 17, 2019, VSS filed a Legal Protection Proceeding in Latvia in order to negotiate a restructuring agreement with its creditors.

business. Shortly before its Chapter 11 filing, the Petition Date, the Debtor began shutting down the Phase II operations.

5.

As of the Petition Date, the Debtor employed approximately 60 people (the "**Employees**"). Immediately prior to the filing, the Debtor had a workforce of approximately 437 employees, but terminated 377 employees (the "**Former Employees**") pre-petition in conjunction with the closure of the Phase II operations.

6.

The Phase II operations began in 2017, and over $120 million was invested into a large furnace and facility which are part of these operations. The Debtor intends to seek a buyer for these valuable assets during the Chapter 11 case as part of its reorganization strategy. Thus, preserving the value of the furnace utilized in the Phase II operations is critical to the Debtor's ability to reorganize.

7.

As noted above, the Phase II operations utilizes a large furnace to manufacture glass fibre. It operates at extremely high temperatures – in excess of 1500 degrees Celsius, which is necessary in order to melt the glass. The furnace was designed to operate 24 hours per day, 365 days per year. A sudden shutdown would destroy the commercial value of the furnace and could pose a safety hazard to the Debtor's remaining employees. In order to preserve the value of the furnace and the Phase II operations, and to ensure the safety of remaining employees, the furnace needs to be shut down in an orderly, incremental fashion, over a period of 10-14 days. The Debtor has developed a plan and related budget to effectuate this orderly shutdown of the furnace (the

"**Shutdown Plan**").  A copy of said budget (the "**Shutdown Budget**") will be filed at or before any hearing on this Motion.

## Basis for Relief

9.

The Debtor believes that it might be authorized under 11 U.S.C. § 363(c)(1) to implement the Shutdown Plan in the ordinary course of business; however out of an abundance of caution, the Debtor seek authority to implement the Shutdown Plan pursuant to 11 U.S.C. § 363(b)(1).

10.

Section 363(b)(1) of the Bankruptcy Code provides in relevant part that "[t]he Trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate."

11.

The Debtor believes that approval of the Shutdown Plan, including the expenditure of estate funds pursuant to the Shutdown Budget, is in the best interest of the Debtor, its estate and its creditors.

12.

For the foregoing reasons, the Debtor submits that approval of the Shutdown Plan, including the expenditure of estate funds pursuant to the Shutdown Budget, is justified and appropriate and a proper exercise of the Debtor's business judgment.

## Notice

13.

Notice of this Motion is being provided to the Office of the United States Trustee and those parties identified on the List of Twenty Largest Creditors filed in this case.  In light of the nature

of the relief requested, the Debtors respectfully request that the Court find that no further notice is necessary.

WHEREFORE, based upon the foregoing, the Debtor respectfully request that this Court:

(a) enter an Order substantially in the form attached hereto as <u>Exhibit A</u>, approving the Shutdown Plan and expenditure of estate funds in accordance with a Shutdown Budget; and

(b) grant the Debtor such other and further relief as is just and proper.

This 18th day of June, 2019.

Respectfully submitted,

SCROGGINS & WILLIAMSON, P.C.

/s/ J. Robert Williamson

| | |
|---|---|
| One Riverside | J. ROBERT WILLIAMSON |
| 4401 Northside Parkway | Georgia Bar No. 765214 |
| Suite 450 | ASHLEY REYNOLDS RAY |
| Atlanta, Georgia 30327 | Georgia Bar No. 601559 |
| T: (404) 893-3880 | MATTHEW W. LEVIN |
| F: (404) 893-3886 | Georgia Bar No. 448270 |
| E: rwilliamson@swlawfirm.com | |
|    aray@swlawfirm.com | *Counsel for the Debtor* |
|    mlevin@swlawfirm.com | |

**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) ) ) ) ) ) ) | CHAPTER 11 <br><br> CASE NO. 19-59440-pwb |
| P-D VALMIERA GLASS USA CORP, | | |
| Debtor. | | |

**ORDER AUTHORIZING USE OF FUNDS FOR ORDERLY PLANT CLOSURE**

THIS MATTER came before the Court at hearing on June 18, 2016 at 2:30 p.m. (the "**Hearing**") to consider the Motion Seeking Entry of an Order Authorizing Use of Funds for Orderly Plant Closure (the "**Motion**")[2] [Doc. No. __] filed by the Debtor on June 17, 2019. Pursuant to the Motion, the Debtor seeks entry of an order, pursuant to 11 U.S.C. § 363(b)(1), authorizing the Debtor to implement a proposed Shutdown Plan, including the use of estate funds pursuant to a Shutdown Budget.

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

The Court having reviewed the Motion, the record in the case, it appearing that due and sufficient notice of the Motion has been given; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interest of the Debtors, their estates, their creditors and other parties in interest; for good cause shown, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. The Motion is GRANTED.

2. The Debtor is authorized to implement its proposed Shutdown Plan.

3. The Debtor is further authorized to pay all expenses necessary to implement its Shutdown Plan in accordance with the Shutdown Budget. In connection therewith, the Debtor shall be permitted to exceeded budgeted amounts for any lime item shown on the Shutdown Budget by 15%, as to any single line item, and 10% in the aggregate, without the need for further Court approval.

4. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

**END OF ORDER**

Prepared and presented by:

SCROGGINS & WILLIAMSON, P.C.

_____
J. ROBERT WILLIAMSON
Georgia Bar No. 765214
ASHLEY REYNOLDS RAY
Georgia Bar No. 601559
One Riverside
4401 Northside Parkway
Suite 450
Atlanta, GA  30327
T:	404-893-3880
E:	rwilliamson@swlawfirm.com
	aray@swlawfirm.com
	*Counsel for the Debtor*

## Distribution List

J. ROBERT WILLIAMSON
SCROGGINS & WILLIAMSON, P.C.
4401 Northside Parkway
Suite 450
Atlanta, GA 30327

MARTIN P. OCHS
OFFICE OF THE UNITED STATES TRUSTEE
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA  30303