**IT IS ORDERED as set forth below:**



**Date: June 19, 2019**

_____

**Paul W. Bonapfel
U.S. Bankruptcy Court Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| **P-D VALMIERA GLASS USA CORP,** | **CASE NO. 19-59440-pwb** |
| **Debtor.** | |

**ORDER AUTHORIZING PAYMENT OF PRE-PETITION WAGES,
PAYROLL TAXES, CERTAIN EMPLOYEE BENEFITS AND RELATED
EXPENSES, AND OTHER COMPENSATION TO EMPLOYEES**

Upon consideration of the motion (Doc. No. 5) (the "**Motion**")[1] of the Debtor for an order authorizing payment of pre-petition wages, payroll taxes, certain employee benefits and related expenses, and other compensation to employees; and jurisdiction existing for the Court to consider the Motion; and the Court having found that good and sufficient cause exists for granting the Motion; and upon consideration of the files and records in this case; and upon the arguments and statements in support of the Motion presented at the hearing before the Court; and it appearing that

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

relief sought in the Motion will be in the best interests of the Debtor's estate, creditors, and other parties-in-interest; and it further appearing that notice of the Motion was adequate and proper under the circumstances and that no further notice of the Motion need be given;

it is hereby ORDERED as follows:

1. The Motion (Doc. No. 5) is GRANTED.

2. The Debtor is authorized, but not directed, to pay all Employee and Former Employee Obligations that become payable during the pendency of this chapter 11 case, including that portion of Employee and Former Employee Obligations that had accrued pre-petition, and to continue at this time its practices, programs, and policies with respect to the Employees and Employee Obligations, as such practices, programs, and policies were in effect as of the Petition Date. The Debtor is also authorized, but not directed, to the extent that the Debtor subsequently determines that there are any additional outstanding Employee and Former Employee Obligations related to the programs and policies described in the Motion, to pay such pre-petition amounts.

3. The Employee and Former Employee Obligations that the Debtor is authorized to pay are described in the Motion and include, without limitation, the following Employee Obligations: (i) wages, salary and other compensation; (ii) payroll taxes; (iii) vacation programs; (iv) health and welfare benefits; and (v) other benefit programs.

4. Except as set forth herein, the Debtor is authorized (but not directed) to continue to pay the Employee and Former Employee Obligations that become payable during the pendency of this chapter 11 case and to continue at this time its practices, programs, and policies with respect to the Employees and the Employee Obligations, as such practices, programs, and policies were in effect as of the Petition Date.

5. The Debtor's banks and other financial institutions are authorized and directed, when requested by the Debtor and in the Debtor's sole discretion, to receive, process, honor, and pay any and all checks and electronic transfer requests drawn on the Debtor's accounts to pay the Employee and Former Employee Obligations, whether those checks or electronic transfer requests were presented prior to or after the Petition Date, and make other transfers necessary to implement these transactions provided that sufficient funds are available in the applicable accounts to make the payments and transfers. The Debtor is further authorized to pay any cost or penalty incurred by its Employees or Former Employees in the event that a check issued by the Debtor for payment of the Employee or Former Employee Obligations is inadvertently not honored because of the filing of the Debtor's bankruptcy case.

6. The banks and other financial institutions that process, honor, and pay any and all checks or electronic transfers on account of Employee and Former Employee Obligations shall rely on the representations of the Debtor as to which checks are issued and authorized to be paid in accordance with this Order without any duty of further inquiry and without liability for following the Debtor's instructions.

7. Neither this Order, nor the Debtor's payment of any amounts authorized by this Order, shall: (i) result in any assumption of any executory contract by the Debtor; (ii) result in a commitment to continue any plan, program, or policy of the Debtor; or (iii) impose any administrative, pre-petition, or post-petition liabilities upon the Debtor.

8. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

9. The requirements of Bankruptcy Rule 6003(b) have been satisfied. To the extent the fourteen day stay of Bankruptcy Rule 6004(h) may be construed to apply to the subject matter of this Order, such stay is hereby waived.

10. Counsel for the Debtor is directed to promptly serve a copy of this Order on the Office of the United States Trustee and the Debtor's twenty (20) largest unsecured creditors, and to file a certificate of service with the Clerk of the Court.

### [END OF DOCUMENT]

Prepared and presented by:

SCROGGINS & WILLIAMSON, P.C.

  /s/ Ashley R. Ray
J. ROBERT WILLIAMSON
Georgia Bar No. 765214
ASHLEY REYNOLDS RAY
Georgia Bar No. 601559
MATTHEW W. LEVIN
Georgia Bar No. 448270
4401 Northside Parkway
Suite 450
Atlanta, Georgia 30327
T:     (404) 893-3880
F:     (404) 893-3886
E:     rwilliamson@swlawfirm.com
        aray@swlawfirm.com
        mlevin@swlawfirm.com

*Proposed Counsel for the Debtor*

## Distribution List

Ashley R. Ray
SCROGGINS & WILLIAMSON, P.C.
4401 Northside Parkway
Suite 450
Atlanta, GA 30327

Martin P. Ochs
OFFICE OF THE UNITED STATES TRUSTEE
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303