IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE:<br><br>P-D VALMIERA GLASS USA CORP,<br><br>Debtor. | )<br>)<br>)<br>)<br>)<br>) | CHAPTER 11<br><br>CASE NO. 19-59440-pwb |

**APPLICATION FOR AUTHORITY TO RETAIN
SCROGGINS & WILLIAMSON, P.C. AS COUNSEL TO THE DEBTOR**

The above-captioned debtor and debtor in possession (the "**Debtor**") hereby files this Application for Authority to Retain Scroggins & Williamson, P.C. as Counsel to the Debtor (the "**Application**"). In support of the Application, the Debtor respectfully represents as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Application is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief requested herein are Sections 327 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), and Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**BACKGROUND**

3.  On June 17, 2019 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"). The

- 1 -

Debtor is authorized to operate its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. As of the date of this filing, no official committee of unsecured creditors has been appointed, and no request for the appointment of a trustee or examiner has been made.

4. The Debtor is a Georgia corporation and the only United States entity which is a member of Valmiera Glass Group. Valmiera Glass Group is comprised of Valmieras Stikla Šķiedra, AS ("**VSS**")1, the Debtor's Latvian parent company (located in Latvia), Valmiera Glass UK Ltd., a sister company to the Debtor (located in the United Kingdom), and P-D Valmiera Glass USA Corp. (located in Georgia). Together with its parent and sister companies, the Debtor is a vertically integrated supplier of various composite materials to the aviation industry, architecture and other industries. The Debtor's operations focus on the production and distribution of glass fibre and glass fibre products from its manufacturing facility in Dublin, Georgia. The Debtor's business has been organized by two units. "Phase I" became operational in 2015 and is engaged in the production of needle mats which provide insulation for industrial uses. In 2017, the Debtor launched "Phase II" of its operations and built a fiberglass furnace for the production of glass fibre. Phase II has proven to be unprofitable and a cash drain on the remaining portion of the Debtor's business. Shortly before its Chapter 11 filing, the Debtor began shutting down the Phase II operations.

---

1 VSS is a publicly traded Latvian company which holds a 52% interest in the Debtor. On June 17, 2019, VSS filed a Legal Protection Proceeding in Latvia in order to negotiate a restructuring agreement with its creditors.

## RELIEF REQUESTED

5.      By this Application, the Debtor respectfully requests entry of an order, pursuant to Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, authorizing it to employ Scroggins & Williamson, P.C. ("**S&W**") as its bankruptcy and restructuring counsel in the Chapter 11 bankruptcy case (the "**Case**") and any related proceedings.

## BASIS FOR RELIEF

6.      Pursuant to Section 327(a), the Debtor requests that the Court approve the retention of S&W as its bankruptcy and restructuring counsel on and as of the Petition Date to perform the legal services that will be necessary during the Case in accordance with S&W's normal hourly rates and disbursement policies.

7.      The Debtor has selected S&W as its bankruptcy counsel because of the firm's extensive experience, knowledge and recognized expertise, *inter alia*, in the field of corporate bankruptcy and business reorganizations under Chapter 11 of the Bankruptcy Code. S&W has the necessary background to deal effectively with legal issues that may arise in the context of the Chapter 11. The Debtor believes that S&W is both well qualified and uniquely able to represent it in this Chapter 11 case and related matters in an efficient and timely manner.

8.      In assisting with the preparation for and filing of this Chapter 11 case, S&W and its attorneys have become familiar with the complex factual and legal issues to be addressed in this Chapter 11 case; therefore, the retention of S&W will assist in the efficient administration of the Debtor's estate and minimize expense to the estate.

9.  The employment of S&W is appropriate and necessary to enable the Debtor to execute faithfully its duties as debtor and debtor in possession.  Subject to further order of this Court, it is proposed that S&W be employed for the following purposes:

(a) to advise the Debtor with respect to its rights, duties and obligations as debtor in possession in the continued management and operation of its business;

(b) to take all necessary action to protect and preserve the estate of the Debtor, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate;

(c) to prepare on behalf of the Debtor all necessary motions, applications, answers, orders, reports, and other pleadings and applications in connection with the administration of the Debtor's estate;

(d) to negotiate and prepare on behalf of the Debtor one or more Chapter 11 plan(s), disclosure statement(s), and all related documents;

(e) to negotiate and prepare documents relating to the disposition of assets, as requested by the Debtor;

(f) to advise the Debtor on finance, finance-related matters and transactions, and matters relating to the sale of the Debtor's assets; and

(g) to perform such other legal services for the Debtor as may be necessary and appropriate to the proper preservation and administration of the Debtor's estate.

10.  It is necessary and appropriate for the Debtor to employ attorneys to render the foregoing services.

11.  To the best of the Debtor's knowledge: (a) S&W neither holds nor represents any interest adverse to the Debtor or its estate in the matters upon which the firm is to be engaged; (b) S&W is not a creditor, an equity security holder, or an insider of the Debtor; (c) S&W is not and was not a director, officer, or employee of the Debtor; and (d) except as specifically disclosed

more fully in the *Declaration of J. Robert Williamson and Disclosure of Compensation* (the "**Williamson Declaration**") attached hereto as Exhibit A, S&W has had no connection with the Debtor, its creditors, any party-in-interest, the United States Trustee, the Bankruptcy Judge presiding in this case, or any person employed in the Office of the United States Trustee. The Debtor believes that S&W is a "disinterested person" within the meaning of Sections 101(14) and 327(a) of the Bankruptcy Code and the firm's appointment will be in the best interest of the Debtor and the Debtor's estate.

12. Pursuant to Section 328(a) of the Bankruptcy Code, the Debtor may retain S&W on any reasonable terms and conditions. The Debtor and S&W have agreed that S&W will be compensated for services at hourly rates and be reimbursed for reasonable and necessary expenses, subject to approval of the Court under Section 330 of the Bankruptcy Code. S&W's current standard hourly rates range from $415.00 to $495.00 per hour for attorneys and from $125.00 to $150.00 per hour for paralegals. Rates may be adjusted from time-to-time. The firm is currently holding approximately $148,283.00 as a Chapter 11 retainer to represent the Debtor.

13. S&W will file fee applications with the Court in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the Northern District of Georgia, and orders of this Court.

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that this Court:

(a) enter an order authorizing retention of S&W as counsel to the Debtor; and

(b) grant the Debtor such other and further relief as is just and proper.

*[Signature on Next Page]*

This 17 day of June, 2019.

                          **P-D VALMIERA GLASS USA CORP**

                          By:   Joeran Pfuhl
                          Its:   CEO

**EXHIBIT "A"**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 11 |
| | ) |
| P-D VALMIERA GLASS USA CORP, | ) CASE NO. |
| | ) |
| Debtor. | ) |

### DECLARATION OF J. ROBERT WILLIAMSON
### IN SUPPORT OF DEBTOR'S APPLICATION FOR AUTHORITY TO RETAIN
### SCROGGINS & WILLIAMSON, P.C. AS COUNSEL TO THE DEBTOR

I, J. Robert Williamson, declare under penalty of perjury as follows:

1.

I am a member of the law firm of Scroggins & Williamson, P.C. (the "**Firm**"), and in that capacity I have personal knowledge of, and authority to speak on behalf of, the Firm with respect to the matters set out herein. This Declaration is offered in support of the Application of the Debtor in the above-styled case to employ the Firm as the Debtor's attorneys (the "**Application**"), and the matters set out herein are true and correct to the best of my knowledge, information and belief.

2.

To the best of my knowledge, other than pre-petition services rendered to the Debtor in evaluating and preparing for the Chapter 11 filing, neither the Firm nor I have or represent any interest adverse to the Debtor or its estate, or have any material connections with the Debtor, its creditors, any other party in interest or their respective attorneys or accountants.

3.

The Firm has no principals, associates or other professional employees who are related to any Judge of the United States Bankruptcy Court for the Northern District of Georgia.

4.

The Firm currently holds a retainer in the amount of approximately $148,283.00. Neither the Firm nor I have agreed to share any compensation or reimbursement received in connection with this engagement with any other person or entity.

5.

Other attorneys of the Firm and I are duly admitted to practice law in the United States District Court for the Northern District of Georgia, among other United States Courts.

6.

Employment of the Firm as attorneys for the Debtor would be appropriate under 11 U.S.C.§ 327 and Bankruptcy Rule 2014.

*[Signature on Next Page]*

This 25th day of June, 2019.

_____
J. ROBERT WILLIAMSON

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.   18 U.S.C. §§152 and 3571.

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served a true and correct copy of the within and foregoing **Application for Authority to Retain Scroggins & Williamson, P.C. as Counsel to the Debtor** upon the following by causing same to be served by first class mail, postage prepaid and addressed as follows:

Martin P. Ochs
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

This 25th day of June, 2019.

SCROGGINS & WILLIAMSON, P.C.

4401 Northside Parkway
Suite 450
Atlanta, Georgia 30327
T:  (404) 893-3880
F:  (404) 893-3886
E:  rwilliamson@swlawfirm.com
    aray@swlawfirm.com

 /s/ Ashley R. Ray
J. ROBERT WILLIAMSON
Georgia Bar No. 765214
ASHLEY REYNOLDS RAY
Georgia Bar No. 601559

*Proposed Counsel for the Debtor*

- 11 -