**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| P-D VALMIERA GLASS USA CORP., | ) | CASE NO. 19-59440-pwb |
| | ) | |
| Debtor. | ) | |
| | ) | |

**NOTICE OF HEARING ON FIRST OMNIBUS MOTION SEEKING ENTRY
OF AN ORDER AUTHORIZING DEBTORS TO REJECT EXECUTORY CONTRACTS
AND UNEXPIRED LEASES *NUNC PRO TUNC* TO THE PETITION DATE**

**PLEASE TAKE NOTICE** that the above-captioned Debtor has filed a *First Omnibus Motion Seeking Entry of an Order Authorizing Debtor to Reject Executory Contracts and Unexpired Leases Nunc Pro Tunc to the Petition Date* (the "**Motion**") in which the Debtor has requested that the Court authorize the Debtor to reject certain contracts and leases effective as of the Petition Date.  A copy of the Motion is available upon request to undersigned counsel, or by downloading at http://www.kccllc.net/ValmieraGlassUSA.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion in Courtroom 1401, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia at ***11:30 a.m. on July 16, 2019.***

**PLEASE TAKE FURTHER NOTICE** that your rights may be affected by the Court's ruling on this Motion.  You should read this Motion carefully and discuss it with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)  If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views, then you and/or your attorney should attend the hearing.  You may also file a written response to the Motion with the Clerk at the address stated below, but you are not required to do so.  If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response.  The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303.  You should also mail a copy of your response to the undersigned at the address stated below.

Respectfully submitted, this 3rd day of July, 2019.

          SCROGGINS & WILLIAMSON, P.C.

| | |
|---|---|
| 4401 Northside Parkway, Suite 450 | By: /s/ J. Hayden Kepner, Jr. |
| Atlanta, Georgia 30327 |     J. ROBERT WILLIAMSON |
| T: (404) 893-3880 |     Georgia Bar No. 765214 |
| F: (404) 893-3886 |     J. HAYDEN KEPNER, JR. |
| E: rwilliamson@swlawfirm.com |     Georgia Bar No. 416616 |
|    hkepner@swlawfirm.com | |

*Counsel for the Debtor*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| P-D VALMIERA GLASS USA CORP., | ) | CASE NO. 19-59440-pwb |
| | ) | |
| Debtor. | ) | |
| | ) | |

**FIRST OMNIBUS MOTION SEEKING ENTRY OF AN ORDER AUTHORIZING
DEBTOR TO REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES
*NUNC PRO TUNC* TO THE PETITION DATE**

> **PARTIES TO CONTRACTS, LEASES OR LICENSES WITH DEBTOR
> SHOULD EXAMINE EXHIBIT A ATTACHED HERETO TO LOCATE
> THEIR NAMES AND CONTRACTS, LEASES OR LICENSES**

COME NOW, P-D Valmiera Glass USA Corp. (the "**Debtor**"), the debtor and debtor in possession in this Chapter 11 case (the "**Case**"), and files this Motion (the "**Motion**"), by and through the undersigned counsel, and moves this Court for entry of an order pursuant to 11 U.S.C. §§ 365 and 105(a), rejecting the executory contracts and unexpired leases (the "**Contracts**")[1] set forth on Exhibit A attached hereto. In support of this Motion, the Debtor respectfully represents as follows:

### Jurisdiction

1.

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these proceedings and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is Section 365 of Title 11, United States

---

[1] The Contracts include, but are not limited to, any amendments, ancillary agreements, or other addendums to the agreements listed in Exhibit A.

Code (the "**Bankruptcy Code**") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## Background

2.

On June 17, 2019 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief with the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "**Court**") under Chapter 11 of the Bankruptcy Code. The Debtor is authorized to operate its business as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.

No trustee, examiner or committee of unsecured creditors has been appointed in this Case.

4.

The Debtor is a Georgia corporation and the only United States entity which is a member of Valmiera Glass Group. Valmiera Glass Group is comprised of Valmieras Stikla Šķiedra, AS ("**VSS**")[2], the Debtor's Latvian parent company (located in Latvia), Valmiera Glass UK Ltd., a sister company to the Debtor (located in the United Kingdom), and P-D Valmiera Glass USA Corp. (located in Georgia). Together with its parent and sister companies, the Debtor is a vertically integrated supplier of various composite materials to the aviation industry, architecture and other industries. The Debtor's operations focus on the production and distribution of glass fiber and glass fiber products from its manufacturing facility in Dublin, Georgia. The Debtor's business has been organized by two units. "Phase I" became operational in 2015 and is engaged in the production of needle mats which provide insulation for industrial uses. In 2017, the Debtor launched "Phase II" of its operations and built a fiberglass furnace for the production of glass fiber.

---

[2] VSS is a publicly traded Latvian company which holds a 52% interest in the Debtor. On June 17, 2019, VSS filed a Legal Protection Proceeding in Latvia in order to negotiate a restructuring agreement with its creditors.

- 2 -

Phase II has proven to be unprofitable and a cash drain on the remaining portion of the Debtor's business. Shortly before its Chapter 11 filing, the Debtor began shutting down the Phase II operations.

6.

The Contracts identified on Exhibit A pertain to the now-closed Phase II operations. Accordingly, the Contracts have not been of any benefit to the Debtor since the Petition Date and are burdensome for the Debtor's estate. For this reason, the Debtor seeks to reject the Contracts identified on Exhibit A as of the Petition Date.

**Relief Requested**

7.

By this Motion, the Debtor seeks entry of an order, pursuant to Section 365 of the Bankruptcy Code, authorizing the Debtor to reject each and every Contract identified on Exhibit A attached hereto *nunc pro tunc* to the Petition Date.[3]

8.

The Bankruptcy Code allows a trustee to reject executory contracts and unexpired leases. Section 365(a) of the Bankruptcy Code provides in pertinent part that a trustee, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also*, *University Medical Ctr. v. Sullivan* (*In re University Medical Ctr.*), 973 F.2d 1065, 1075 (3rd Cir. 1992). The standard applied to determine whether the rejection of an executory contract or unexpired lease should be authorized is the "business judgment" standard.

---

[3] As a protective measure, the Debtor has included on Exhibit A all documents denominated as a "contract" or "lease" on the Debtor's books and records and/or on the face of the document, regardless of whether the terms of the document may make it a disguised financing agreement not subject to assumption or rejection. This Motion is filed without prejudice to the right of the Debtor to later assert that any document characterized as a "lease" or "contract" was in reality a financing agreement, or otherwise not an executory contract within the meaning of Section 365.

- 3 -

*See Sharon Steel Corp. v. Nat'l Fuel Gas Distr. Corp.*, 872 F.2d 36, 40 (3rd Cir. 1989); *Glenstone Lodge, Inc. v. Buckhead Am. Corp. (In re Buckhead Am. Corp.)*, 180 B.R. 83, 88 (D. Del. 1995); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984).  This standard is satisfied if the trustee determines in his business judgment that the estate would benefit by the rejection of the contract or lease.  *See Sharon Steel Corp.*, 872 F.2d at 39-40 (citing *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. 845, 846 (Bankr. W.D. Pa. 1987)).

9.

The decision to reject the Contracts identified on Exhibit A is clearly an exercise of the Debtor's sound business judgment.  The Contracts have been of no benefit to the Debtor's estate since the Petition Date and any continuing obligation the Debtor would have under the Contracts would constitute an unnecessary financial burden to the Debtor's estate and cause a depletion of the Debtor's limited resources. Accordingly, it is in the best interests of Debtor, its estate and its creditors that the Debtor be permitted to reject the Contracts, as requested herein.

10.

No previous application for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests entry of an order authorizing and approving the rejection of the Contracts identified on Exhibit A effective *nunc pro tunc* as of the Petition Date and granting such other and further relief as the Court may deem just and proper.

- 5 -

This 3rd day of July, 2019.

SCROGGINS & WILLIAMSON, P.C.

4401 Northside Parkway  By:   /s/ J. Hayden Kepner, Jr.
Suite 450  J. ROBERT WILLIAMSON
Atlanta, GA 30327  Georgia Bar No. 765214
T: (404) 893-3880  J. HAYDEN KEPNER, JR.
F: (404) 893-3886  Georgia Bar No. 416616
E: rwilliamson@swlawfirm.com
   hkepner@swlawfirm.com

*Counsel for the Debtor*

- 5 -

# EXHIBIT "A"

## List of Executory Contracts and Unexpired Leases to be Rejected

- 6 -

| Non-Debtor Party to Lease or Contract | Lease/Contract | Monthly Payment Obligation |
|---|---|---|
| AGY Holding Corp | Technology License Agreement, dated July 19, 2018 | $4,166.00 |
| Airgas USA, LLC | On-Site Product Supply Agreement, dated March 22, 2017 | $61,500.00 |
| Ameritech Leasing, Inc. | Master Lease Agreement, dated April 24, 2018 | $4,945.00 |
| Caterpillar Financial Services Corporation | Finance Lease, dated April 27, 2017 for two generators | $7,895.73 |
| De Lage Landen Financial Services, Inc. | Equipment Lease Agreement, dated January 11, 2018 for three forklifts (Application No. 100-10170684) | $255.79 |
| De Lage Landen Financial Services, Inc. | Equipment Lease Agreement, dated January 11, 2018 for four forklifts (Applicatio No. 100-10175922) | $1,172.86 |
| De Lage Landen Financial Services, Inc. | Equipment Lease Agreement, dated March 22, 2018 for two forklifts (Application No. 100-10178107) | $993.06 |
| EAN Services, LLC | Corporate Partner Program Services Agreement, dated December 15, 2017 | Varies |
| Georgia Power Company | Excess Facilities Charge Agreement, dated August 23, 2015 | $23,801.75 |
| Southeastern Paper Group | Floor Stock Agreement, dated December 10, 2016 | Varies |
| TBF Properties, LLC | Warehouse Lease, dated December 10, 2015 | $2,200.00 |